IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL LEIVA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M.E SPEARMAN, Warden,<br><br>　　　　Respondent. | No. C 14-1257 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Dkt. 5) |

## INTRODUCTION

Petitioner, a California prisoner incarcerated at San Quentin State Prison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging disciplinary findings that resulted in his loss of "good time" credits. Respondent was ordered to show cause why the petition should not be granted, and has filed a motion to dismiss on the grounds that it does not state a cognizable claim for federal habeas relief and that one of the claims is not exhausted. Petitioner has filed an opposition, and respondent filed a reply brief. For the reasons discussed below, the motion to dismiss is granted and the case is dismissed without prejudice.

## ANALYSIS

**A.　STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

### B.   LEGAL CLAIMS

Petitioner alleges that prison officials found that he had broken prison rules by having a cell phone in prison and took away 90 days of his "good-time" credits. He claims that there was not enough evidence that he had the cell phone. He also claims that the prison officials who found that he violated the rule was biased against him, and that he did not get a translator despite his poor English skills. Petitioner asserts that these problems violated his right to due process. Respondent argues that the petition does not state grounds for federal habeas relief because even if petitioner succeeds on his claims, he is not entitled to the type of relief available on habeas, namely immediate or speedier release from custody.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under 42 U.S.C. 1983. "'Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Ibid*. A claim challenging time credits may affect the duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). However, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Respondent argues that habeas is not the proper avenue for petitioner's claims because he is serving a life sentence, and therefore even if he were to prove that the discipline violated his right to due process and regain the time credits he lost, his time in custody would not "necessarily" shorten. *See id.* The parties do not dispute that the consequence for an inmate serving a life sentence losing time credits is to delay his minimum eligible parole date, but this not the case for petitioner because his minimum eligible parole date has already elapsed. Thus,

if the 90 days of good time credits were restored to petitioner, neither the expiration of his life sentence nor the date upon which he could conceivably be released on parole would be advanced.

Petitioner argues that the disciplinary findings do affect the duration of his sentence because the parole board cited the rule violation for cell phone possession when it denied parole (*see* Resp. Ex. 6). This was far from the only or even principal reason he was denied parole, however. Rather, the board cited the circumstances of his commitment offense, his prior record of violence, his failure to complete probation earlier, and a 2011 rule violation for fighting (Resp. Ex. 6 at 52-54). Petitioner's claims here, even if successful, would not negate the many other reasons he did not get parole, any one of which on its own is grounds for denying parole. *See* 15 Cal. Code Regs. § 2402(b), (c) (identifying factors that may be used for denying parole). The board did not emphasize the cell phone charges over the other reasons to deny him parole, nor or otherwise that it played a critical role in its decision (Resp. Ex. 6). While the board could theoretically change its mind if the rule violation at issue here were vacated, based on the record that is an unlikely outcome given all the other reasons for denying parole that would remain unaffected by success on this petition. As a result, success on the claims in this petition would not "necessarily" mean immediate or speedier release for petitioner on parole, as is required under *Ramirez* to bring the claims in a federal habeas petition.

There is no indication in the record that the restoration of petitioner's lost time credits or the expungement of the disciplinary findings would necessarily lead to the immediate or speedier release of petitioner. As a result, a complaint under Section 1983 is the proper avenue for relief on petitioner's claims, not a habeas petition. *Cf. Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) ("a request for an order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition" because appeal would not necessarily succeed or spell speedier release). The petition will, therefore, be dismissed without prejudice to petitioner bringing his claims in a civil rights complaint under 42 U.S.C. 1983. In light of this conclusion, respondent's alternative argument that one of the claims has not been exhausted in the state courts, which is not a requirement for exhaustion of claims brought in a

3

civil rights complaint, need not be reached.

## CONCLUSION

The motion to dismiss the petition (dkt. 5) is **GRANTED** and the case is **DISMISSED.**

Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January   5  , 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4